JULIUS WITCELL and WIFE v. JNO. D. BLACKFORD.

SEDUCTION. *Averment in declaration sufficient. When.* A declaration in seduction averring that the defendant "debauched and carnally knew the said plaintiff, whereby she became pregnant," etc., states a good cause of action.

FROM HAMILTON.

From the Circuit Court at Chattanooga.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

This is an action of seduction, brought by Witcell and his wife for her seduction previous to her marriage. The averment in the declaration, after stating that plaintiff Martha M. was a *femme sole*, depending on her own labor and exertions, etc., prior to her marriage with plaintiff Julius, proceeds: Whereas the said defendant, contriving to injure the said plaintiff, Martha M., and to deprive her of her services and assistance of herself, heretofore, to-wit: on the 6th day of May, 1871, and on divers other days and times between that day and before the commencement of this suit, at, to-wit: in the County of Hamilton, debauched and carnally knew the said plaintiff Martha M., whereby she became pregnant, etc.

To this declaration defendant demurred, upon the

ground that the plaintiff seeks to recover damages for the crime of adultery and fornication, voluntarily committed by said Martha M. while a *femme sole,* and because tort or force is averred in the declaration.

The demurrer was sustained, and plaintiff has appealed.

The averment in the declaration is that defendant "debauched and carnally knew plaintiff Martha M." This is tantamount to an averment that defendant corrupted or seduced and carnally knew plaintiff. The language imports that the consent of the plaintiff was procured by corruption or seduction, and negatives the idea of voluntary fornication, or was procured by persuasion, or importunities, or promises, was a question of fact to be determined upon proof. Assuming the averment in the declaration to be true, as the demurrer does, the language stated a good cause of action. It was error, therefore, to sustain the demurrer, and the judgment is reversed, and the cause remanded for further proceedings.